## HOLLOWAY v. RAILROAD RETIREMENT BOARD.

### No. 2320 Civil Action.

District Court, N. D. Georgia,
Atlanta Division.

March 31, 1942.

Miller & Lowrey, of Macon, Ga., for plaintiff.

Lester P. Schoene, of Washington, D. C., for defendant.

UNDERWOOD, District Judge.

This is an action brought under Section 11 of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228k, which authorizes an employee to apply to this Court to compel the Railroad Retirement Board, hereinafter called the "Board," "(1) to set aside an action or decision of the Board claimed to be in violation of a legal right of the applicant or (2) to take action or to make a decision necessary for the enforcement of a legal right of the applicant." In this case, plaintiff seeks a review of a decision of the Board which denied petitioner's application for an annuity under the Act and prays that same be set aside and that plaintiff be held entitled to an annuity.

### Findings of Fact.

The complete record of the proceedings before the Board was put in evidence in this case and constitutes the entire evidence submitted to this Court.

The facts, as appears from the record and findings of the Board, are as follows:

On March 24, 1936, plaintiff applied for an annuity under the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228a et seq. In this application plaintiff represented that he was not at that time actually working for a railroad, but that, after continuous service with the Georgia Southern & Florida Railway Company and its predecessors as engineer since August 9, 1887, he had worked for said Railroad "up until September 19, 1934, when I stopped off account physical disability" (Record, page 4). The disability proved to be total and permanent, and he never returned to work after September 19, 1934.

He was never in actual service, and does not claim to have been, after September 19, 1934, but he contends that he was in employment relation with said Railroad on and after August 29, 1935.

On the date of his application for an annuity, March 24, 1936, he was approximately seventy-five years old and is now eighty-one.

The application for annuity was first considered by the Claims Service of the Board, which held, on December 21, 1937, that plaintiff was not eligible for an annuity. An appeal was taken to the Appeals Council of the Board where, after hearing and submission of further evidence, the finding of the Claims Service was affirmed. An appeal was then taken to the Board which affirmed the decision of the Appeals Council (Record, pages 183 to 195, inclusive).

The facts, as found by the Board, are as follows:

"1. On September 19, 1934, the applicant ceased active service for the carrier on account of physical disability.

"2. For a number of years, including the year 1935, the carrier maintained a roll consisting of individuals who had been granted aid by the Veteran Employees' Aid Board of the carrier, such aid being in the form of regular monthly payments by the carrier.

"3. The said roll of the Veteran Employees' Aid Board was in fact a retirement pension roll of the carrier consisting of former employees of the carrier who were retired on pension (except as to a relatively few individuals who had been placed on the roll for a limited period of time).

"4. On June 7, 1935 the Veteran Employees' Aid Board of the carrier placed the appellant on this aid roll, as an individual incapacitated for further service, to receive $25.00 per month beginning June 1, 1935 and to continue without any limitation of time.

"5. The appellant's case did not differ, in any respects material to this appeal, from the situation of individuals generally who were on the roll of the Veteran Employees' Aid Board without limitation of time.

"6. The appellant was retired from service with the carrier from June, 1935 through August 29, 1935, and he was not, on August 29, 1935, in the service of, or in an employment relation to, any other 'employer,' as defined in the Railroad Retirement Act of 1937." (Record, pages 184 to 189, inclusive.)

It further appears from the record that, on June 8, 1935, at his own request, plaintiff was given the following notice by the carrier: "On account of your present physical condition, you are hereby granted an indefinite leave of absence as engineer G S & F Railway. It is understood that your seniority as engineer will continue to accumulate and that if and when you are able to perform the duties of an engineer that you will be permitted to return to the service exercising your seniority on any position to which you may be entitled." (Record, page 187.) He was kept on the seniority list until May 3, 1937 (Record, page 73). However, previous to November 29, 1934, the carrier advertised his position as a temporary vacancy (Record, page 43), but later, on June 6, 1935, advertised same as a permanent vacancy (Record, page 46).

On April 16, 1935, plaintiff submitted a memorandum of his personal record as employee of the Georgia Southern & Florida Railway Company, supported by doctors' certificates (Record, pages 13, 53, 54, 55, 56), for the purpose of securing aid from the Veteran Employees' Aid Board. In this memorandum it was represented that he was totally disabled as shown by the doctors' certificates and aid was requested, which was allowed on May 24, 1935 (Record, page 63). After being placed on the pension roll of the Veteran Employees' Aid Board, he was paid $25 per month beginning June 1, 1935 (Record, page 27). The payment of this pension is being continued under Section 6 of the Act.

### Conclusions of Law.

The Railroad Retirement Act, 45 U.S.C.A. § 228a et seq., establishes a retirement system for employees of, and for those in an employment relation with, carriers subject to the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., who held such status on or after August 29, 1935.

The Act provides that: "An individual is in the employment relation to an employer, if he is on furlough, subject to call for service within or outside the United States and ready and willing to serve, or on leave of absence, or absent on account of sickness or disability; all in accordance with the established rules and practices in effect on the employer." Section 1(d), 45 U.S.C.A. § 228a(d).

Therefore, for plaintiff, in the circumstances of this case, to become entitled to the benefits provided by the Act, it must be established that the "employment relation" existed on August 29, 1935. The determination of this question of fact was by the Act entrusted to the Board (§ 10, 45 U.S.C.A. § 228j), and its decision, if supported by substantial evidence, will not be set aside by the Court. A review of the decision by a District Court is provided for in Section 11 of the Act, 45 U.S.C.A. § 228k, but the review contemplated by the Section is a judicial review, not a trial de novo. The word "review" is used in the Section where it is provided that: "The decision of the Board with respect to an annuity, pension, or death benefit shall not be subject to review by any court unless suit is commenced within one year after the decision," etc.

■ Where an administrative agency has been set up to whose informed judgment and discretion Congress has committed the determination of questions of fact, on the basis of which it is authorized to make administrative orders, "such determinations will not be set aside by courts if there is evidence to support them. Even though, upon a consideration of all the evidence, a court might reach a different conclusion, it is not authorized to substitute its own for the administrative judgment." Swayne & Hoyt, Ltd., v. United States, 300 U.S. 297, 303, 57 S.Ct. 478, 481, 81 L. Ed. 659. "So long as there is warrant in the record for the judgment of the expert body it must stand," and where the Court has "found that the record permitted the Commission to draw the conclusion that it did, a court travels beyond its province to express concurrence therewith as an original question." Rochester Tel. Corp. v. United States, 307 U.S. 125, 145, 146, 59 S. Ct. 754, 764, 83 L.Ed. 1147.

To hold otherwise would make the Board "but a mere instrument for the purpose of taking testimony to be submitted to the courts for their ultimate action." (United States v. Louisville & N. Railroad Co., 235 U.S. 314, 35 S.Ct. 113, 114, 59 L.Ed. 245); and if it be held that the Act requires a trial de novo and not a "review" of the Board's decision, the hearing before the Board will accomplish little but delay.

The rule above stated is the rule uniformly applied to the findings of administrative officials and boards charged with the duty of finding facts and subjected to review by the courts when their orders are "not in accordance with law." Wheeling Corrugating Co. v. McManigal, 4 Cir., 41 F.2d 593, 594.

Such has been the rule announced in construing the following statutes and powers of administrative officers. Shipping Act, 46 U.S.C.A. § 801 et seq. (Swayne & Hoyt, Ltd., v. United States, 300 U.S. 297, 303, 57 S.Ct. 478, 81 L.Ed. 659); Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. (Opp Cotton Mills, Inc. v. Administrator of Wage & Hour Division of the Department of Labor, 312 U.S. 126, 657, 61 S. Ct. 524, 85 L.Ed. 624); The Packers' and Stockyard Act, 7 U.S.C.A. § 181 et seq. (Stafford v. Wallace, 258 U.S. 495, 42 S. Ct. 397, 66 L.Ed. 735, 23 A.L.R. 229; Tagg Bros. v. United States, 280 U.S. 420, 50 S. Ct. 220, 74 L.Ed. 524); Federal Trade Commission (Federal Trade Commission v. Eastman Kodak Co., 274 U.S. 619, 47 S.Ct. 688, 71 L.Ed. 1238); Interstate Commerce Commission (Interstate Commerce Commission v. Union Pacific Railroad Co., 222 U.S. 541, 32 S.Ct. 108, 56 L.Ed. 308; United States v. Louisville & Nashville Railroad Co., 235 U.S. 314, 35 S.Ct. 113, 59 L.Ed. 245); Administrator of Veterans' Affairs (Silberschein v. United States, 266 U.S. 221, 45 S.Ct. 69, 69 L.Ed. 256); Securities Exchange Commission (15 U.S.C. A. § 77l); National Labor Relations Board (National Licorice Co. v. National Labor Relations Board, 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799); Board of Tax Appeals (Old Colony Trust Co. v. Commissioner of Internal Revenue, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918); Board of Customs Appraisers (Passavant v. United States, 148 U.S. 214, 13 S.Ct. 572, 37 L.Ed. 426); Commissioner of Internal Revenue (Williamsport Wire Rope Co. v. United States, 277 U.S. 551, 48 S.Ct. 587, 72 L.Ed. 985); Postmaster General (Bates & Guild Co. v. Payne, 194 U.S. 106, 24 S.Ct. 595, 48 L.Ed. 894); Federal Communications Commission (Rochester Tel. Corp. v. United States, 307 U.S. 125, 59 S.Ct. 754, 83 L.Ed. 1147).

■ In entrusting to the Board the determination of questions of fact, Congress did not mean to imply artificial tests, but intended that the Board, in the exercise of its experienced judgment, should look to substance rather than form; to definitive action of the employer and employee rather than to statements of doubtful or strained meaning. The Board has recognized this and by regulation, which it is authorized to make (Section 10b(4), expressed this view in the following language: "Discharge, resignation or retirement must be determined according to the substance of the transaction, even though the transaction may have been denominated furlough, leave of absence or absence on account of sickness or disability. A transaction so denominated, but which represents in substance and effect a discharge, resignation or retirement, terminates the employment relation." (Title 20, Code of Federal Regulations § 204.2(f), page 863.)

■ The facts appearing in the record amply support the decision of the Board and same should not therefore be set aside as prayed since it is supported by substantial evidence.

Whereupon, it is considered, ordered and adjudged that said decision of the Railroad Retirement Board be, and hereby is af-

firmed and confirmed and judgment rendered for defendant, Railroad Retirement Board, against plaintiff, James M. Holloway.