## BRUNO v. RAILROAD RETIREMENT BOARD.

### No. 1624.

District Court, W. D. Pennsylvania.
Oct. 15, 1942.

Margiotti, Pugliese & Casey and S. C. Pugliese, all of Pittsburgh, Pa., for plaintiff.

Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., Lester P. Schoene, Gen. Counsel, of Washington, D. C., and Melvin Richter, and Joseph H. Freehill, both of Washington, D. C., Attys. for Railroad Retirement Board for defendant.

GIBSON, District Judge.

The court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

#### Findings of Fact.

1. On July 20, 1938, Joseph Anthony Bruno, Jr., the Complainant, filed an application for an annuity with the Railroad Retirement Board of the United States, wherein he claimed thirty years service with the Pennsylvania Railroad Company and that he was then an employe of said Company.

2. On January 10, 1939, the Division of Claims Service of said Retirement Board denied the said claim of the Complainant.

3. On October 30, 1939, Complainant filed an appeal from said decision with the Appeals Council of said Board, which, on September 30, 1940, sustained the decision of the Division of Claims Service.

4. On August 29, 1935, the Complainant, Joseph Anthony Bruno, Jr., was not in an employment relation with the Pennsylvania Railroad Company, having been discharged as an employe of that Company on February 9, 1933.

5. Prior to his appeal from the decision of the Division of Claims Service of said Retirement Board the Complainant was notified that he might appear in person and by counsel before the Appeals Council of the Board, but he did not so appear.

4

## Conclusions of Law.

I. The Complaint herein should be dismissed.

II. The Railroad Retirement Board not having established an office in this District by its Regulation establishing offices throughout the United States, this court is without jurisdiction in the instant case.

III. A District Court is without jurisdiction to review decisions of intermediate investigating bodies within the Railroad Retirement Board.

IV. By Statute and Regulation of the said Retirement Board any person aggrieved by any decision of an intermediate body within the Board has the right to appeal to the Board, and Complainant, not having appealed to it from the decision of the Appeals Council of the Board, cannot have such decision reviewed by any District Court.

V. The Railroad Retirement Board, as an agency of the United States, has the right to prescribe by Regulation rules for the service of legal process upon it, and service upon it other than as so prescribed is illegal.

VI. The Complainant in the instant action to review the decision of the Appeals Council of the Railroad Retirement Board introduced no proof whatsoever to indicate that the decision of said Appeals Council was arbitrary, capricious or wrong.

VII. The Complainant, not being in an employment relation with the Pennsylvania Railroad Company at or after August 29, 1935, is not entitled to the annuity benefits of the Railroad Retirement Act of 1935 or its amendments.

## Discussion.

On July 20, 1938, the complainant filed an application for an annuity with the Railroad Retirement Board, under the provisions of the Railroad Retirement Act of 1935, as amended by the Act of 1937. On January 10, 1939, it was denied by the C Claims Division of the Board, and complainant appealed to the Appeals Council, which sustained the decision of the Claims Division. Under the regulations and practice of the Board complainant had the right to appeal from that decision to the whole Board, but did not do so. On September 22, 1941, he filed his Complaint in this court wherein he seeks a review of the decision of the Appeals Council. The Complaint, synopsized, alleges with many adjectives that the decision was erroneous, and that the Complainant, on August 29, 1935, 49 Stat. 967 (when the Retirement Act became a law) was an employe of the Pennsylvania Railroad Company, and had been such for thirty years prior thereto, and was entitled to the annuity claimed.

The Board has answered, putting forth five defenses. The first, that this court is without jurisdiction, as the suit has been brought in a District wherein the Board has not established an office, as required by Section 11 of the Act of 1937, 45 U. S.C.A. § 228k; the second, that no proper service has been made upon the Board, in that the employe upon whom the summons was served was not authorized to receive the service under the specific regulations of the Board promulgated pursuant to the statute creating it; the third, that the Complaint fails to allege facts upon which relief can be granted, in that it shows that the Complainant has failed to exhaust his rights of appeal within the Board; fourth, that the facts alleged in the Complaint do not show that the action of the Board was arbitrary, capricious or unsupported by evidence; and fifth, that the decision of the Appeals Council was correct, in that the Complainant was not on or after August 29, 1935, in an employment relation with the Pennsylvania Railroad, and therefore was not entitled to the annuity claimed.

Jurisdiction of reviews of decisions of the Railroad Retirement Board is prescribed by Section 11 of the Act of 1937, which is, in part, as follows: "An employee or other person aggrieved may apply to the district court of any district wherein the Board may have established an office or to the District Court of the United States for the District of Columbia to compel the Board (1) to set aside an action or decision of the Board claimed to be in violation of a legal right of the applicant or (2) to take action or to make a decision necessary for the enforcement of a legal right of the applicant."

The Railroad Retirement Board is a Government Agency. As such actions may be brought against it, but only in accordance with the provisions of law prescribing them. In the present case the summons was served upon an employe of the Board specifically excluded from accepting or receiving service of process, and in an office used by minor employes of the Board, but not one of those established by its definite regulation.

"Offices of the Board. The main office established by the Board is located in the District of Columbia. The only other offices established by the Board are Regional Offices located at New York, New York; Cleveland, Ohio; Chicago, Illinois; Atlanta, Georgia; Minneapolis, Minnesota; Kansas City, Missouri; Dallas, Texas; Denver, Colorado; Seattle, Washington; and San Francisco, California. (Offices of district managers or of any other field forces are not offices within the meaning of this section.)" (Sec. 262.15 of the Regulations under the Railroad Retirement Act of 1937, 5 Fed.Reg. 3392, August 29, 1940)

By Section 262.16(f) of the Regulations, 5 Fed.Reg. 772, February 27, 1940, it is set forth that no officer, agent, or employe of the Board is authorized to accept or receive service of subpoenas, summons or other judicial process addressed to the Board except as the Board may from time to time delegate such authority by power of attorney. The regulation declares that the Board has issued such power of attorney to its General Counsel and to no one else. The regulation further provides that process issued from a District Court located in a District where the Board has established an office will be accepted if forwarded by registered mail to the General Counsel at the headquarters of the Board.

 The regulations of the Board are authorized by the statute which created it and have the force of law. By them no office was established in the Western District of Pennsylvania, and the employe upon whom the summons was served was not authorized to accept or receive it. Therefore the requirements of the statute for review of the decisions of the Board have not been met, and the failure must lead to the dismissal of the Complaint.

 As a matter of fact, the instant Complaint does not seek a review of a decision of the Board, but of a finding by an intermediate body within the Board. The Board, pursuant to Sections 10(b) (4) and 10(b) (5) of the Act of 1937, 45 U.S.C.A. § 228j (b) (4, 5) prescribed in Section 260 of its Regulations (4 Fed.Register, 1477, April 7, 1939) the procedure for appeals of its agencies, among them appeals from the Appeals Council to the entire Board. The Acts creating the Board authorized review of the judgments of the Board, not judgments of its intermediate agencies, and the failure to obtain the final judgment of the Board is in itself fatal to the Complaint.

The fourth defense, that the Complaint does not set forth facts sufficient to show that the decision is arbitrary, or capricious or unsupported by the evidence, verges into the fifth defense, which is, in effect, that the decision of the Appeals Council was correct. The Complainant has asserted that he was then and at the time of his application for annuity, an employe of the Railroad of more than thirty years' standing. This statement, if true, would have justified the annuity order sought. The Board, however, in pursuance of its statutory power, investigated the statements made to it. It requested and received a report from the alleged Railroad employer as to the status of the petitioner. That report disclosed that the Complainant had been discharged as an employe of the Railroad prior to the approval of the Railroad Retirement Act of 1935.

Council for the Complainant has stressed the fact that no formal hearing preceded the judgment of the Appeals Council as ground for a judgment in favor of Complainant. The real dispute existed before the Board in respect to facts. The Complainant did not deny that he had been discharged by the Railroad prior to the Retirement Act becoming a law, but asserted that he had never been formally notified of the discharge, and therefore he considered himself still an employe. That he knew of his discharge is plain. In the letter of an attorney to the Board in his behalf it is said: "No formal notice of his dismissal from service was ever given. The only thing that was done was that his relief was stopped."

 The fact that no formal hearing preceded the judgment of the Appeals Council was due to the Complainant, not the Board. He was notified that he might appear in person and by counsel prior to the hearing before the Council, but did not claim the right.

 In holding that Complainant did not have the status of an employe when the Retirement Act was approved, the Council followed the Act. An employment relation under the Act of 1937 requires a finding that the applicant for annuity, on or after August 29, 1935, was on furlough, subject to recall for service and willing and ready to serve, or on leave of absence, or absent on account of sickness or disability; all in accordance with the rules and practices of the employer. The Complainant herein did not come within the statutory definition of the employment relation. He had been

**6**

totally disabled and had performed no service for the railroad subsequent to 1932, and, as stated supra, had been discharged from the service on February 9, 1933. This was the situation prior to the approval of the Railroad Retirement Act of 1935 and at the time of Complainant's application for an annuity; and under it no judgment was possible other than that rendered by the Appeals Council.

The Complaint must be dismissed.

### Order.

And now, to wit, October 15, 1942, the foregoing cause having come on to be heard, upon consideration thereof it is ordered and adjudged that the Complaint of Joseph Anthony Bruno, Jr., be, and the same hereby is, dismissed.