### SOUTH v. RAILROAD RETIREMENT BOARD.

### No. 10342.

Circuit Court of Appeals, Fifth Circuit.

Nov. 10, 1942.

Writ of Certiorari Denied Jan. 18, 1943.

Winfield P. Jones, of Atlanta, Ga., for appellant.

Joseph H. Freehill, and David B. Schreiber, both of Chicago, Ill., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Brought under Section 11[1] of the Railroad Retirement Act of 1937,[2] the suit was to set aside an order of the Railroad Retirement Board[3] denying plaintiff's application for an annuity. The claim was that the decision of the Board that plaintiff was not entitled to an annuity because he was not on or after August 29, 1935 in the service of, or in an employment relation to, the carrier was erroneous and in violation of the legal right of plaintiff, in that, though, as the Board found, he was discharged in 1930, his discharge was wrongful because of his then total disability, and was, therefore, ineffective to terminate his employment relation within the intent and meaning of the act. The defense was that whether the discharge was rightful or wrongful was wholly immaterial, for plaintiff had in fact been discharged in 1930, and upon the undisputed facts he was not on or after the critical date either on active duty, on furlough, or on leave of absence or absent on account of sickness or disability, and, therefore, plaintiff was not in a position to prove the fact essential to his claim that on the critical date he was in an employment relation. In the trial court plaintiff insisted that the statute gave him a right to a trial de novo and the independent judgment of the court on the question whether on the record made before the Board he was on the critical date in an employment relation and entitled to his annuity. He further insisted that if wrong in this and the proceeding was one to determine if the Board's findings were supported by evidence, the decision of the Board should be set aside, for the undisputed evidence showed that his discharge was wrongful, that he did, therefore, have an employment status, and that there was no basis for the Board's decision that he did not. Submitted on the record taken before the Board to, and tried by, the court without a jury, there was a finding and conclusion; that plaintiff had adduced no evidence to show that on August 29, 1935, under established rules and practices "usu-

---

[1] 45 U.S.C.A. § 228k. "Court Jurisdiction. An employee or other person aggrieved may apply to the district court of any district wherein the Board may have established an office or to the District Court of the United States for the District of Columbia to compel the Board (1) to set aside an action or decision of the Board claimed to be in violation of a legal right of the applicant or (2) to take action or to make a decision necessary for the enforcement of a legal right of the applicant. Such court shall have jurisdiction to entertain such application and to grant appropriate relief. The decision of the Board with respect to an annuity, pension, or death benefit shall not be subject to review by any court unless suit is commenced within one year after the decision shall have been entered upon the records of the Board and communicated to the person claiming the annuity, pension, or death benefit."

[2] 45 U.S.C.A. § 228a et seq.

[3] 45 U.S.C.A. § 228j.

750

ally in effect on the employer", plaintiff was in an employment relation to the carrier; and that to become entitled to the benefits provided by the act plaintiff must show that he was in such relation; that the determination by the Board that he had not done so was, on the record, a determination entrusted to the Board; and that its decision, supported, as it was, by substantial evidence, was not subject to be set aside by the Court. Plaintiff, appellant here, insisting that the district judge was wrong in treating the proceeding before him as one merely for review, and that it was in fact a trial de novo in which the plaintiff was entitled to the independent judgment of the district judge, urges upon us that if wrong in this, the record, showing that plaintiff was discharged after he had become totally disabled, makes it clear that the Board's decision that plaintiff did not have an employee status was in violation of his legal right. We cannot agree with appellant. We think it too clear for argument that the statute in terms provides not for a trial de novo but for a review of the Board's proceedings and for an affirmance of the order and decision unless it is made to appear that the order is without legal support, that is, that it is either without evidence to support it, or is based on an incorrect theory of law. It is elementary law, as well in cases where statutory review is not provided for as in cases where it is, that the findings and decisions of administrative agencies, when within the scope of the authority conferred upon them, may not be set aside or otherwise interfered with by the courts where they are supported by substantial evidence. But it is especially true in the case of a statutory review on the record such as is provided for here; that the jurisdiction and function of the court is supervisory and not original; that it is to review the findings and order for error and not to retry the matter; and that the order under review must stand, if supported by substantial evidence, and not in violation of law. In a careful opinion in this case, the same in substance on this point as the one he wrote and caused to be published in Holloway v. Railway Retirement Board, D.C., 44 F.Supp. 59, the district judge has announced conclusions and collected authorities fully supporting this view. Without restatement here, we refer to and adopt as correct the statement of them there made. But if we could agree with appellant that he was entitled to a trial de novo, he would be no better off. For it is quite clear, not only that he failed to prove that he was, but that on the undisputed evidence he was not, in an employment relation on or after the critical date, and that he did not, therefore, have the requisite status for the annuity he sought. The judgment was right. It is

Affirmed.