**FRAWLEY v. LATIMER et al.**
Civil Action No. 3199.

District Court, D. New Jersey.
June 6, 1944.

Richard Thiele, of Newark, N. J., for plaintiff.

Joseph H. Freehill, Gen. Counsel, Railroad Retirement Board, of Chicago, Ill.

(Paul M. Johnson and Sidney B. Jacoby, both of Chicago, Ill., on the brief), for defendants.

SMITH, District Judge.

This is an action under Section 11 of the Railroad Retirement Act of 1937,[1] 45 U.S.C.A. § 228k, to review a decision of the Railroad Retirement Board. The action is before the Court at this time on the motion of the defendants for a summary judgment of dismissal, pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff, formerly an employee of the Pennsylvania Railroad Company, applied to the Board for an annuity under the provisions of the said Act. The Board, after an adequate hearing, found that the plaintiff was not an "employee" within the meaning of the Act[2] and concluded that he was therefore not eligible for an annuity thereunder. This decision was entered upon the records of the Board and notice thereof was communicated to the plaintiff, as required by the statute. The present action followed.

The statute invoked by the plaintiff established a compulsory retirement and pension system for the employees of carriers subject to the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., but its benefits are available only to those persons who were employees within the meaning of the statute on the date of its enactment, to wit, August 29, 1935.[3] It was found by the Board that the plaintiff had been discharged by his employer on September 3, 1930, and that he was, therefore, not an employee within the meaning of the statute on the enactment date. These findings were amply supported by the evidence and should not be disturbed in the absence of a clear showing that they are erroneous. Ellers v. Railroad Retirement Board, 2 Cir., 132 F.2d 636; South v. Railroad Retirement Board, 5 Cir., 131 F.2d 748; Utah Copper Co. v. Railroad Retirement Board, 10 Cir., 129 F.2d 358; Bruno v. Railroad Retirement Board, D.C., 47 F.Supp. 3; Holloway v. Railroad Retirement Board, D.C., 44 F.Supp. 59. The contention of

---

[1] "An employee * * * aggrieved may apply to the district court of any district wherein the Board may have established an office * * * to compel the Board (1) to set aside an action or decision of the Board claimed to be in violation of a legal right of the applicant or (2) to take action or to make a decision necessary for the enforcement of a legal right of the applicant. Such court shall have jurisdiction to entertain such application and to grant appropriate relief."

[2] 45 U.S.C.A. § 228a (b) and (d).

[3] 45 U.S.C.A. § 228b.

the plaintiff that he had been summarily dismissed "without a fair and impartial trial," even if supported by the evidence, was neither relevant nor material to the factual issue before the Board, and its rejection by the Board was proper. Ibid.

The motion for summary judgment of dismissal is granted, and the defendants shall prepare and submit forthwith, on notice to the plaintiff, a proper order.