## GARDNER v. RAILROAD RETIREMENT BOARD.

### No. 11278.

Circuit Court of Appeals, Fifth Circuit.
April 26, 1945.

Rehearing Denied May 19, 1945.

---

936

Walter E. Jones, of Longview, Tex., for appellant.

Myles F. Gibbons, of Chicago, Ill. (David B. Schreiber, Paul M. Johnson, and Samuel J. Rhinestine, all of Chicago, Ill., of counsel), for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Unsuccessful below on his petition to the district court to set aside an order of the Railroad Retirement Board denying his application for an annuity, appellant is here attacking the order as without support in the evidence, and, therefore, "in violation of a legal right" of his. As plaintiffs had done in similar cases[1] in this and other courts, appellant claims here: (1) that the record before the Board does not support its finding that he had been discharged, and was, therefore, not in an employment relation on August 29, 1935, the critical date; (2) if the record shows a discharge, it shows that the discharge was wrongful and, therefore, ineffective to destroy his employment relation; and (3) that if the record does not sustain his claim, additional evidence is available to sustain it, and the court should have received it. In addition to these claims, appellant, apparently as the basis for some kind of relief, makes the further claim that the Board did not "do its duty in making a thorough investigation of the case instead of only examin-

ing the letters and exhibits furnished by the appellant".

If this were a case in which the Board had refused "to take action or to make a decision necessary for the enforcement of a legal right of the applicant", upon allegation and proof that the Board was refusing to do its duty, the court below and this court on review would "have jurisdiction to entertain such application and to grant appropriate relief", 45 U.S.C.A. § 228k, but no such case is presented here. This is a proceeding to set aside an action or decision of the Board, claimed to be in violation of a legal right of the applicant, in which the only relief sought or available is to set its decision aside.

In South v. Railroad Retirement Board, 5 Cir., 131 F.2d 748, 750, a proceeding of this kind, we carefully pointed out that, in such a proceeding, the "jurisdiction and function of the court is supervisory and not original; that it is to review the findings and order for error and not to retry the matter; and that the order under review must stand, if supported by substantial evidence, and not in violation of law."

We need not restate here the limitations under which the court proceeds when conducting the review provided for by statute. Nor need we set out the evidence before the Board. For the disposition of this case, it is sufficient to say that a careful examination of the record made there fails to disclose any just ground for complaint against the Board. On the contrary, it shows that the Board could not reasonably have made any other finding than the one it made. Appellant's claim that his admittedly formal and definite discharge, of which he was notified on July 2, 1930, was rendered ineffectual by the action of the Longview agent in sending him out on his run on the 4th and 5th, because there was no one to take his place, is purely fanciful. Not a syllable of evidence, including his own admissions and conduct thereafter, supports the claim now advanced that the action of the agent was, or that anybody thought it was, in effect, to re-employ him, and that he has since retained a re-employment status. Neither is there any basis whatever in the record for his claim that his discharge was wrongful, and, being wrongful, his employment continued. Indeed, by complain-

[1] South v. Railroad Retirement Board, 5 Cir., 131 F.2d 748; Ellers v. Railroad Retirement Board, 2 Cir., 132 F.2d 636; Bruno v. Railroad Retirement Board, D. C., 47 F.Supp. 3; Frawley v. Latimer, D.C., 57 F.Supp. 276.

ing that the Board accepted as a basis for its decision his evidence that he had been discharged instead of searching for evidence in disproof, appellant ·concedes that the record does not support his claim. Whether there has been such a discharge, resignation, or retirement from employment as to destroy employment status, so that on the critical date the necessary employment relation did not exist, is a question of fact to be determined according to the substance and not the form of the transaction which it is claimed ended the employment. Congress has entrusted this determination to the Board, and its decision, when based upon the substance rather than the form of definitive action taken by employer and employee, may not be set aside by the courts unless clearly and manifestly wrong, that is, unless it is without evidence to support it, or is based upon an erroneous theory of law. The judgment of the District Court sustaining the findings and order of the Board was right. It is affirmed.