thorities and returned to Joliet on December 23, 1942.

 Petitioner contends that the State of Illinois had no right to bring him back to Illinois involuntarily and again confine him under the statute applicable to his case. Smith-Hurd Ann.Stats. Chap. 38, Sec. 808. This involves an interpretation of the laws of Illinois. We so held in Whitten v. Bennett, 7 Cir., 141 F.2d 295. The question has been decided adversely to petitioner's contention by the Illinois Supreme Court in People v. Becker, 382 Ill. 404, 47 N.E.2d 475, and by this court in United States ex. rel. Jackson v. Ragen, 7 Cir., 150 F.2d 190, in which we approved the holding of the Becker case. See also U.S. ex rel. Lyons v. Ragen, 7 Cir., 150 F.2d 53.

The judgment is affirmed.

**PER CURIAM.**

A careful examination of the record on which the Board based its decision makes it completely clear that the Board's findings have a substantial basis in the record and that appellant sought below, and seeks here, not a determination of whether they had, but in effect a trial de novo.

South v. Railroad Retirement Board, 5 Cir., 131 F.2d 748, certiorari denied 317 U.S. 701, 63 S.Ct. 525, 87 L.Ed. 561; and Gardner v. Railroad Retirement Board, 5 Cir., 148 F.2d 935, settle it that this may not be done. On the authority of those cases, the judgment is

Affirmed.

---

## WELBORN v. RAILROAD RETIREMENT BOARD.

### No. 11375.

Circuit Court of Appeals, Fifth Circuit.

Oct. 16, 1945.

Charles W. Anderson, of Atlanta, Ga., for appellant.

Myles F. Gibbons, of Chicago, Ill., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

## HUFFMAN et al. v. UNITED STATES.
## ODOM v. SAME.
### Nos. 11370, 11353.

Circuit Court of Appeals, Fifth Circuit.

Oct. 16, 1945.

Wallace B. Pierce and Benj. E. Pierce, both of Augusta, Ga., for appellants in both cases.

J. Saxton Daniel, U. S. Atty., of Savannah, Ga., and T. Reuben Burnside,