### SQUIRES v. RAILROAD RETIREMENT BOARD.

#### No. 11831.

Circuit Court of Appeals, Fifth Circuit.

May 2, 1947.

Rehearing Denied May 26, 1947.

Chas. W. Anderson, of Atlanta, Ga., for petitioner.

Myles F. Gibbons, Gen. Counsel, and Alfred H. Myers, Atty., Railroad Retirement Board, both of Chicago, Ill., for respondent.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

██ Arguing vigorously that upon the record he has brought up we should find him wholly and permanently disabled, petitioner presents his case as though, trying it here de novo, we were at liberty to substitute our finding for that of the Board. The decisions have long settled it that the case made before the Board is not retried.[1] The decision of the Board is tried if it be in tune with fact and law, that is, if it find support in the evidence and be not based on error of law.[2] An examination of the record made before the Board and a testing of its decision under the applicable rule discloses a meticulous concern that petitioner's case be fully presented and fairly tried, findings based upon a most careful appraisement and weighing of the evidence, and supported thereby, and a decision in accordance with law. We are bound, therefore, under the statute which affords petitioner the review he seeks "to enter upon the pleadings and transcript of the record a decree affirming the decision of the Board."

Affirmed.

---

[1] South v. Railroad Retirement Board, 5 Cir., 1942, 131 F.2d 748, certiorari denied 317 U.S. 701, 63 S.Ct. 525, 87 L. Ed. 561; Gardner v. Railroad Retirement Board, 5 Cir., 1945, 148 F.2d 935, certiorari denied 326 U.S. 783, 66 S.Ct. 331; Watts v. Railroad Retirement Board, 5 Cir., 1945, 150 F.2d 113; Ellers v. Railroad Retirement Board, 2 Cir., 1943, 132 F.2d 636.

[2] 45 U.S.C.A. § 355(f).