William P. MARMON, Petitioner,

v.

RAILROAD RETIREMENT BOARD.

No. 11434.

United States Court of Appeals,
Third Circuit.

Argued Dec. 21, 1954.

Filed Jan. 27, 1955.

William P. Marmon pro se.

Myles F. Gibbons, Chicago, Ill. (David B. Schreiber, Associate General Counsel,

Chicago, Ill., Paul M. Johnson, Richard F. Butler, Chicago, Ill., on the brief), for respondent, Railroad Retirement Board.

Before MARIS and GOODRICH, Circuit Judges, and LORD, District Judge.

LORD, District Judge.

This is a proceeding brought by a former railroad employee seeking an annuity under provisions of the Railroad Retirement Act of 1937, as amended, 45 U.S.C.A. §§ 228a–228y (1952), hereinafter referred to as the "Act." The Railroad Retirement Board, hereinafter referred to as the "Board," held that petitioner was not entitled to receive an annuity. Petitioner has appealed to this Court.

Eligibility for an annuity is based upon the employment status of the applicant as defined in the Act. A person must have been an "employee" on or after August 29, 1935, the enactment date, 45 U.S.C.A. § 228a(j), § 228b(a) (1952). He is an "employee" if he was on the enactment date in the service of an "employer" or if he was in an "employment relation to an employer." 45 U.S.C. § 228a(b) (1952). The Board, in affirming adjudications of the Bureau of Retirement Claims and of the Appeals Council, held that petitioner had been "discharged or retired" before August 29, 1935, was not in an "employment relation" on said date, and, consequently, was not entitled to an annuity.

Petitioner has advanced two main reasons why the Board erred. First, he alleges erroneous findings by the Board. Petitioner argues there was no substantial evidence adduced to support the finding that he had no "employment relation" on August 29, 1935. The record shows that the Board relied on an "Employment Relation Questionnaire," submitted to it by petitioner's last employer, the Pennsylvania Railroad Company. In answers to pertinent employment questions, the Railroad Company stated that the "date and cause of separation from service" were "3–7–33. Record closed and held no rights for recall to Service." It seems such positive evidence could support a finding that petitioner's employment relation had been terminated prior to August 29, 1935.

The Board may consider reports and answers to questionnaires which are not under oath, and such evidence can support the Board's decision. Ellers v. Railroad Retirement Board, 2 Cir., 1943, 132 F.2d 636. An administrative agency, as here, is not restricted to the same rules of evidence as apply in court proceedings; a finding can be supported if the evidence is of a kind on which fairminded men are accustomed to rely in serious matters. Ellers v. Railroad Retirement Board, supra.

The petitioner asserts that "future" relief dues deducted from a January pay check he received in April, 1933 and from a relief check dated March 1, 1933, indicate that he was "still on the rolls and was never retired." He also alleges that he was seriously injured in his employment January 4, 1933 and that intermittent treatment by Company doctors for two or three years after the injury indicates a continuation of the employment relationship. Such evidence does not prove petitioner's record was not closed, especially when met by an unqualified statement of the Railroad Company that their records show petitioner's record as an employee had been closed on March 7, 1933. Petitioner's argument that his discharge was invalid because he received no notification of the action is meaningless without showing a requirement for such notification. No such requirement existed.

A review of the record indicates that there is substantial evidence present to support the decision of the Board in finding that petitioner had been "discharged or retired" prior to August 29, 1935. Consequently, the Board's decision on this point may not be disturbed. Barton v. Railroad Retirement Board, 3 Cir., 1949, 177 F.2d 710; South v. Rail-

road Retirement Board, 5 Cir., 1942, 131 F.2d 748, certiorari denied, 1943, 317 U.S. 701, 63 S.Ct. 525, 87 L.Ed. 561.

Petitioner's second, and main argument against the decision of the Board involves the interpretation of section 1 (d), subdivision iii(A) of the Act, 45 U.S.C.A. § 228a(d) (1952). It reads:

"(d) An individual shall be deemed to have been in the employment relation to an employer on the enactment date if (i) * * *; or (ii) * * *; or (iii) before the enactment date he did not retire and was not retired or discharged from the service of the last employer by whom he was employed or its corporate or operating successor, but (A) solely by reason of his physical or mental disability he ceased before the enactment date to be in the service of such employer and thereafter remained continuously disabled until he attained age sixty-five or until August 1945 or (B) * * *, or (C) * * *."

Petitioner argues this section provides that a separation due solely to permanent disability continues the "employment relation." He contends that at the moment his permanent disability separated him from service on January 4, 1933, section 1(d) (iii) (A) of the Act preserved his "employment relation" against any attempt to close his record. Petitioner, in effect, claims that because his services were terminated after incurring the disability he was not discharged. However, it has been held that a discharge terminates the "employment relation," even though the discharge took place after the employee had been totally disabled. South v. Railroad Retirement Board,

supra; Bruno v. Railroad Retirement Board, D.C.W.D.Pa.1942, 47 F.Supp. 3.

He further claims that Regulation 204.6 under the Act,[1] denominating manner of "discharge or retirement" is invalid. Petitioner argues that clause (A) in Section 1(d), supra, stands by itself and is not affected by an alleged discharge of an individual after a permanently disabling injury.

■■ The Board, on the other hand, advocates that after a "discharge or retirement" in 1933, there could not have been an "employment relation" on August 29, 1935. We are thus called upon to interpret the meaning of this section of the Act. The cases hold that where the meaning of a statute is clear, and where the language is plain, no construction is permissible. Caminetti v. United States, 1917, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442; United States v. Missouri Pacific Railroad Company, 1929, 278 U.S. 269, 277, 49 S.Ct. 133, 73 L.Ed. 322. Under subsection (iii), it is clear that there can be no "employment relation" on the enactment date if an individual had been "retired or discharged" before the enactment date. Clause (A) clearly does not set up an exception among those who have been discharged or retired. It merely sets up an entirely new concept when there is *no* retirement or discharge and still an employee *"ceased * * * to be in the service of such employer * * *"* by other means. Such interpretation is entirely consonant with any accepted definitions of the word "but," which introduces clause (A).

The Board, in its findings of fact, held that petitioner was "retired or discharged" from the service of the railroad prior

---

1. 20 Code Fed.Regs. § 204.6 (1949) (Regulations under the Railroad Retirement Act of 1937).

"Circumstances under which employee status is terminated. An individual shall be deemed to have retired or to have been retired or discharged if there was a rule or practice in effect on the employer in accordance with which the individual's rights as an employee were terminated, or if he was discharged, was granted a continuing pension or gratuity, was superannuated, or if his *record was closed out*, or if the employee resigned or relinquished his rights or otherwise separated himself from employer service. Discharge, resignation, superannuation or retirement must be determined according to the substance of the transaction, even though the transaction may have been otherwise denominated." (Emphasis supplied.)

to August 29, 1935. Therefore, within the plain meaning of section 1(d) (iii) of the Act, supra, petitioner had no "employment relation" on or after the enactment date, and is not entitled to an annuity.

The decision of the Railroad Retirement Board will be affirmed.