**Mrs. Ida A. LADISH, Appellant,**

v.

**RAILROAD RETIREMENT BOARD**
**Appellee.**

**No. 21574.**

United States Court of Appeals
Fifth Circuit.

Dec. 17, 1964.

Rehearing Denied Jan. 19, 1965.

Ida A. Ladish, Bellaire, Tex., for appellant.

Dale G. Zimmerman, Atty., Myles F. Gibbons, Gen. Counsel, Louis Turner, Atty., David B. Schreiber, Associate Gen. Counsel, Railroad Retirement Board, Chicago, Ill., for appellee.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

■ This appeal is from a decision of the Railroad Retirement Board denying the claim of appellant for a widow's annuity under § 5(a) of the Railroad Retirement Act, 45 U.S.C.A. § 228e(a). Our duty is to affirm if the decision of the Board is supported by substantial evidence in the record, and was not based on an error of law. Smith v. Railroad Retirement Board, 5 Cir., 1959, 267 F.2d 369; Freeman v. Railroad Retirement Board, 5 Cir., 1951, 192 F.2d 51, cert. den., 343 U.S. 909, 72 S.Ct. 640, 96 L.Ed. 1326; and Squires v. Railroad Retirement Board, 5 Cir., 1947, 161 F.2d 182. We find this to be the case.

To qualify as a widow under § 5(a), supra, § 5 (*l*) (1), requires that the widow shall have been living with the employee at the time of the employee's death, and a widow is to be deemed to have been living with the employee if the conditions set forth in § 216(h) (2) of the Social Security Act are fulfilled. 42 U.S.C.A. § 416(h) (2). That statute provides:

" * * * a widow shall be deemed to have been living with her husband at the time of his death if they were both members of the same household on the date of his death, or she was receiving regular contributions from him toward her support on such date, or he had been ordered by any court to contribute to her support." [1]

It is conceded that appellant was not a member of the same household as the deceased employee on the date of his death, and that she was not receiving regular contributions from him toward her support on such date. It is said however that the employee had been ordered by a court to contribute to her support.

■ The facts of that contention are that a court order was entered in 1923 in a divorce proceeding between appellant and the decedent in connection with a suit for divorce wherein temporary alimony was granted. Upon the failure of the husband to pay under the order, a writ of attachment was issued for his arrest. He fled the state and was never arrested, and the suit for divorce was dismissed in 1925 for want of prosecution. We hold under these facts that no court order requiring the employee to contribute to appellant's support was extant at the time of his death. Thus the claim of appellant fails.

Affirmed.

1. The above quoted language from § 216 (h) (2) of the Social Security Act appears at 64 Stat. 511 (1950). Section 216(h) was amended in 1957, and subsection (2) became subsection (3). 71 Stat. 519 (1957). Then in 1958 subsection (3) was repealed. 72 Stat. 1030 (1958). The quoted language is still operative for purposes of § 5(*l*) (1) of the Railroad Retirement Act, however, since the reference over from that section is to § 216(h) (2) "as in effect prior to 1957."