**W. M. STEPHENS, On His Behalf, Petitioner,**

v.

**CHAIRMAN, AND the U. S. RAILROAD RETIREMENT BOARD, In the Entirety, Respondent.**

No. 25342.

United States Court of Appeals Fifth Circuit.

June 19, 1968.

W. M. Stephens, pro se.

Myles F. Gibbons, Gen. Counsel, David M. Goldman, Atty., David B. Schreiber, Associate Gen. Counsel, R. R. B., Chicago, Ill., for respondent; Edward E. Reilly, R. R. B., Chicago, Ill., of counsel.

Before THORNBERRY and SIMP-SON, Circuit Judges, and ATKINS, District Judge.

ATKINS, District Judge:

This case involves a petition to review a decision rendered by the respondent, the Railroad Retirement Board, under the Railroad Unemployment Insurance Act (45 U.S.C. §§ 351–367) and under the Railroad Retirement Act of 1937 (45 U.S.C. §§ 228a–228z–1). It is prosecuted by the petitioner pro se.

The record establishes that petitioner worked as a railroad fireman helper from June 27, 1958 through June 9, 1964 for the Panhandle and Santa Fe Railway Company. The Railroad, desirous of eliminating firemen helpers on diesel locomotives, obtained an award from Arbitration Board No. 282 on November 26, 1963. According to paragraph c(6) in section II of the Award, firemen helpers with more than two, but less than three years' seniority, were to retain their rights to work as fireman helpers, " * * unless and until offered by the carriers another job * * * for which they are, or can become, qualified." Paragraph c (g) also provided that the offer of another job was to carry with it, among other things, "guaranteed annual earnings, for a period not exceeding 5 years, equal to the total compensation received by each such employee as fireman (helper) * * during the last 2 months in which compensation was received prior to the date of transfer." According to the award, a fireman who did not accept an offered job within three days when it was his turn to do so could be dismissed with severance pay. The Railway offered, and the petitioner accepted (presumably without choice), a supposedly "comparable job" as a switchman. He held this position from June 19, 1964 until July 26, 1965. On the later date he refused to work overtime because, according to petitioner, he was physically unable to do so. He did not return to work because, according to petitioner, he was under a doctor's care. On December 6, 1965 the Railway, following an investigation, dis-charged him. The effect of the discharge was to terminate his protective rights under the arbitration award.

During the time of his employment as a switchman, he claimed, and was paid, unemployment and sickness benefits under the Unemployment Insurance Act. In the benefit year which began July 1, 1964, he registered for a total of 85 days of unemployment in the months of August and September, 1964 and January, April and May, 1965. He was paid a total of $499.80 in unemployment benefits in those months for 49 compensable days of unemployment. In addition, he was paid a total of $479.40 for sickness benefits for his 47 compensable days of sickness in these months.

The Board, by letter dated October 20, 1964 gave the Railway notice of the Board's right under Section 2(f) of the Unemployment Insurance Act to recover benefits it paid to the petitioner, from any payment due him under the award for a period which included days for which benefits were paid. The Railway, by letter dated July 13, 1965, informed the Board that there was a makeup allowance due the petitioner in the amount of $782.63. In its correspondence with the Board, the Railway indicated that it arrived at this figure by subtracting the petitioner's actual earnings during the first guarantee year, plus potential earnings he lost through "laying off" and failing to report promptly on recalls, from the annual guarantee of $6,226.95. On September 2, 1965, the Railway paid the sum of $499.80 over to the Board which represents the amount of unemployment benefits paid by the Board to the petitioner. The Board claimed the $499.80 because a payment under a guaranteed earnings plan was considered to be remuneration attributable to each and every day in the period for which it was made. The Board made no claim to the $479.40 it paid to petitioner as sickness benefits because the employer did not count the days petitioner lost on account of sickness in computing the amount due him under the guarantee.

The Board subsequently recomputed the amount of benefits recoverable. It redetermined the amount to be $275.40 and accordingly refunded $224.40. In redetermining the amount of benefits it paid, the Board took into account the actual number of days the petitioner worked in the guarantee period and not the total number of days in the guarantee period. On September 16, 1966 he appealed from the redetermination. A referee was appointed to hear the appeal. After a full hearing, the referee on March 10, 1967 entered his order of affirmance. Petitioner then appealed to the Railroad Retirement Board.

■ This Court has previously held the decision of the Board should not be set aside on review if it is supported by substantial evidence in the record, and is not based on an error of law. Hinojos v. Railroad Retirement Board, 323 F.2d 227 (5th Cir. 1963); Ladish v. Railroad Retirement Board, 339 F.2d 590 (5th Cir. 1965).

■ As noted by the respondent, the record amply demonstrates the courteous and patient treatment the petitioner was accorded by Board employees. He received prompt and thorough replies to his many inquiries. He was given the opportunity to present his evidence relative to the assertion that he was entitled to an annual earnings guarantee of $7,-033.80, rather than $6,226.95, and his further assertion that he was forced to accept another job not of a comparable nature. The referee found the facts in favor of the respondent and the Board on appeal affirmed.

Under the provisions of the Unemployment Insurance Act, benefits are paid with respect to days of unemployment or sickness, 45 U.S.C. § 352. Section 351 (k) of Title 45, U.S.C., provides, inter alia, that any such day, with respect to any employee, must be "a calendar day * * * with respect to which * * * no remuneration is payable or accrues to him * * *." Section 1(j) of the Unemployment Insurance Act (45 U.S.C. § 351(j)) defines the term "remuneration"

to include "pay for time lost." "Compensation" is defined in Section 1(i) of the Act as meaning "any form of money remuneration, including pay for time lost * * *." This section also provides that:

"An employee shall be deemed to be paid, 'for time lost' the amount he is paid by an employer with respect to an identifiable period of absence from the active service of the employer * * * and the amount he is paid by the employer for loss of earnings resulting from his displacement to a less remunerative position or occupation."

The Board has set forth its findings and it has applied the law to those findings. The facts as found by the Board are supported by substantial evidence and the Board correctly applied the law.

The petitioner, it is noted, seeks compensation.

1. For acting as own counsel or agent,
2. For the many overt acts as brought forth by respondents, and
3. For petitioner being required to take his time, which could have been used elsewhere, to see that respondents do the job which respondents are being paid to do, while petitioner struggles along without salary.

■ These requests are lacking in merit and are therefore denied. There is no authority for the award of compensation or attorneys' fees under the facts presented. Costs as defined in Section 2412 of Title 28 of the United States Code are awardable only if the petitioner is successful. He was not. The petitioner has also requested the Court in his correspondence with it to order an investigation of the Railroad Retirement Board. Even had the petitioner established the need for an investigation which most clearly he has not, there is nothing in Section 5(f) of the Railroad Unemployment Insurance Act that authorizes this court on review to order an investigation.

Having carefully examined every one of the claims and contentions of peti-

tioner and finding no basis for them, the court hereby denies the petition of W. M. Stephens and affirms the order of the Railroad Retirement Board.