Matthew J. BOOS, Petitioner,

v.

**UNITED STATES of America, RAILROAD RETIREMENT BOARD,** Respondent.

No. 30895

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 21, 1971.

Rehearing Denied July 27, 1971.

David B. Dickenson, Scott & Dickenson, Boca Raton, Fla., for petitioner.

Myles F. Gibbons, Gen. Counsel RR Retirement Bd., Chicago, Ill., Robert Silverstein, Asst. U. S. Atty., Gen. Counsel, RR Retirement Bd., Robert W. Rust, U. S. Atty., Miami, Fla., John N. Mitchell, U. S. Atty. Gen., Dept. of Justice, Washington, D. C., David B. Schreiber, Associate Gen. Counsel, RR Retirement Bd., for respondent; Louis Turner, Asst. Gen. Counsel, Dale G. Zimmerman, Atty., RR Retirement Bd., Chicago, Ill., of counsel.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

This is a petition, 45 U.S.C. § 228k and 45 U.S.C. § 355(f), to review a decision of the Railroad Retirement Board denying Matthew J. Boos an annuity un-

---

* ▮ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

der the Railroad Retirement Act, 45 U. S.C. § 228a et seq.

Boos was born December 19, 1897. On July 30, 1943, he signed Board Form AA–15, respecting his claimed service before August 29, 1935. This form clearly states that it is not an application for an annuity but "will be preserved for use in connection with annuity applications based in whole or in part on service prior to January 1, 1937". In this form Mr. Boos indicated that he had been employed as a fireman on the Scranton Division of the Delaware, Lackawanna and Western Railroad Company from December, 1917, until January, 1930; by the Brooklyn Eastern District Terminal as an engineer from January, 1930, until some time in 1933; and again by Delaware for April, 1942. In this 1943 Form AA–15 report, Boos stated that from January, 1930, to April, 1942, *he was on furlough from the Railroad.*

In June, 1947, Boos wrote the Board requesting that his service with the Railroad he established because he had been on leave of absence until 1941. At this time he was erroneously informed by the Board that he had an "employment relation" by virtue of having rendered six months of service during the period August 29, 1935, to December 31, 1945, and that he need take no further action to establish that relation. In actuality he had service in only one month after August 29, 1935. The error was discovered on January 2, 1963, when Boos first applied for his annuity. He was then informed that he did not have an "employment relation" on August 29, 1935, and that his service before January, 1937, was not creditable under the Railroad Retirement Act. Boos did not appeal this decision.

In 1967 Boos filed another application for an annuity asserting that he had been required to sign and return a leave of absence form every thirty days from 1930 until April, 1942, and therefore was positive that he was on leave of absence on August 29, 1935.[1] However, this application was also denied. An appeal to the Appeals Council was decided against him. From this decision Boos appealed to the Railroad Retirement Board.

In statements dated April 15, 1968, and submitted to the Board, Thomas Howard, an accountant for the Railroad who, at the time in question, handled the firemen's rosters, and Leo McNiff, formerly an engine dispatcher for the Railroad, indicated that Boos had been on leave of absence from 1930 to 1942. However, in an interview with a Board representative Howard allegedly stated that he was positive that Boos was on furlough rather than leave of absence from 1930 until 1942. He further stated that during this period none of the men furloughed asked for or received a leave of absence. The Board representative reported that Howard confirmed that Boos was issued a fifty year pin by the Brotherhood of Locomotive Firemen and Enginemen but stated that this was done because he kept his dues current. There is no written record of this interview, and Howard in a letter to Boos emphatically denies the alleged statements to Calpin. In this letter he reaffirms the truth of his first statement.

The Board found Boos' name on a 1938 fireman's roster (maintained by the Brotherhood) but found that this did not establish an "employment relation". The Board has files on a large number of firemen on the 1938 roster under the seniority year 1917. The files show that men with greater seniority than Boos were on furlough rather than leave of absence on August 29, 1935, and had been since 1930 or 1931. The Board found that this constituted substantial evidence that Boos was not given a leave of absence and that even if he had been, it would have been after his name was

---

1. The Railroad disposed of many old records and files in 1938. The records pertaining to Boos were evidently included in the ones destroyed. The Railroad had no documentary evidence of any leave of absence forms concerning Boos.

reached in a reduction of force. At this point a leave of absence would cease to exist and would become a furlough.

Boos contended to the Board that his signing of Form AA-15 in 1943 was tantamount to an application for annuity and that he would have had an "employment relation" with a furlough or leave of absence as the Act read in 1943. The Board found that Form AA-15 cannot be correctly considered an application for an annuity. There is no record that Boos subsequently filed an application before 1946. In regard to the "employment relation" the Board correctly held that pertaining to an application in which no award was made prior to July 31, 1946, the term "employment relation" would be construed by the new amendments, which omitted furlough.

Based on the above fact situation the Board denied appellant's application. The Board chose not to believe Boos' statements that he was on leave of absence. Instead, they credited the AA-15 form he filed in 1943 which stated that he was on furlough. In addition, it placed greater weight on Howard's interview with Calpin rather than on his or McNiff's written statements. Finally, the Board relied on the evidence disclosed by the 1938 roster contained in its files.

To be credited with service prior to January 1, 1937, toward an annuity under the Railroad Retirement Act a person must have been in an "employment relation" to an "employer", as defined by the Act, on August 29, 1935. A leave of absence is a sufficient "employment relation", but a furlough is not. The only way Boos could come within the provisions of this Act would be by way of a leave of absence.

■ The law is well settled in this Circuit that a decision of the Board is not to be set aside on judicial review if it is supported by substantial evidence in the record and is not based on an error of law. Fingar v. United States Railroad Retirement Board, 5 Cir., 1964, 402 F.2d 544, 547; Ladish v. Railroad Retirement Board, 5 Cir., 1964, 339 F.2d 590; Squires v. Railroad Retirement Board, 5 Cir., 1947, 161 F.2d 182.

■ The record reveals evidence to support the contentions of both parties but there is substantial evidence to support the decision of the Board. This ends the reviewing function of this Court.

Petition for review denied.

## ON PETITION FOR REHEARING

Before WISDOM,** COLEMAN and SIMPSON, Circuit Judges.

### PER CURIAM:

It is ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

---

** This issue is decided by a quorum of the Court, Judges Coleman and Simpson. See 28 U.S.C., § 46(d).